UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JAN 15 2020

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **2 0 CR 023** |
| Plaintiff | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| JAMES DAY BURKE, | § | Count 1 (Wire Fraud, |
| Defendant | § | 18 U.S.C. § 1343) |
| | § | Notice of Forfeiture |

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

Count One
(Wire Fraud, 18 U.S.C. § 1343)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

1. Rustex, Inc. ("Rustex") was an oilfield services company located in Bryan, Texas.

2. **James Day Burke**, defendant herein, was employed by Rustex as a bookkeeper from 2010 through August 2018.

B. THE SCHEME AND ARTIFICE

3. From in or about May 2010, and continuing through in or about August 2018, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMES DAY BURKE**

defendant herein, did knowingly execute and attempt to execute a scheme and

artifice to defraud and to obtain moneys and property by means of material false and fraudulent pretenses, representations and promises, including the concealment of material facts.

C. <u>THE METHOD AND MEANS OF THE SCHEME AND ARTIFICE</u>

4. The scheme and artifice consisted essentially of a plan by defendant to use credit cards issued to Rustex employees and intended for Rustex business expenses to obtain goods and services for the defendant's own personal use and benefit and the use and benefit of another known to the United States Attorney by making unauthorized charges on these credit cards.

5. It was a part of the scheme and artifice that the defendant would and did use the credit cards intended for business expenses of Rustex to make fraudulent and unauthorized charges to pay for the defendant's personal expenses and the expenses of another known to the United States Attorney.

6. It was part of the scheme and artifice that the defendant would and did access the websites of the credit card issuers and make and cause to be made payments from Rustex's bank account to the credit card issuers to pay the amount due on the current credit card statement, which included the fraudulent and unauthorized charges made by defendant on the Rustex business credit cards.

7. It was part of the scheme and artifice to defraud that the defendant would

and did fraudulently obtain $855,872.43 from Rustex for his own use and benefit and the use and benefit of another known to the United States Attorney through the defendant's unauthorized credit card charges to the Rustex business credit cards.

D. <u>EXECUTION OF THE SCHEME AND ARTIFICE</u>

8. On or about August 7, 2015, in the Southern District of Texas, and elsewhere, defendant

**JAMES DAY BURKE,**

for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate commerce writings, signs, signals, pictures and sounds, namely by using the internet to access the website of American Express located in Arizona to pay the amount of $32,198.70 due to American Express on 08/09/15 for the credit card account of Rustex, which included a fraudulent and unauthorized charge by the defendant in the amount of $1,954.00 for a dental bill.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant

### JAMES DAY BURKE

that upon conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count 1 of the Information, all property which constitutes or is derived from proceeds traceable to such violation shall be forfeited to the United States.

### Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendant is notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to

forfeit any other property of the defendant up to the total value of the property subject to forfeiture.

                              RYAN K. PATRICK
                              United States Attorney

By: _____
     JOHN R. BRADDOCK
     Assistant United States Attorney